**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3583-17T3

GERARD PFEIFFER,

      Plaintiff-Respondent,

v.

KARI LASPISA, f/k/a
KARI PFEIFFER,

      Defendant-Appellant.

_____

          Submitted March 11, 2019 – Decided March 25, 2019

          Before Judges Fasciale and Gooden Brown.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FM-10-0158-16.

          Norris, McLaughlin & Marcus, PA, attorneys for appellant (Jeralyn L. Lawrence and Kristyl M. Berckes, on the brief).

          Respondent has not filed a brief.

PER CURIAM

In this post-judgment matrimonial dispute, Kari Laspisa (defendant) appeals from Paragraph One of a January 26, 2018 Order (which awarded plaintiff parenting time every other weekend), and Paragraphs One, Four, Five, and Six of a March 23, 2018 Order (generally awarding plaintiff counsel fees). Plaintiff has not participated in this appeal.

Defendant makes five points on appeal:

POINT I

THE [JUDGE] ERRED AS A MATTER OF LAW IN MODIFYING THE PARTIES' CUSTODY AND PARENTING[-]TIME SCHEDULE SET FORTH IN THEIR MARITAL SETTLEMENT AGREEMENT [(MSA)] ABSENT A SUBSTANTIAL CHANGE IN CIRCUMSTANCE.

POINT II

THE [JUDGE] ERRED AS A MATTER OF LAW IN MODIFYING THE PARTIES' CUSTODY AND PARENTING[-]TIME SCHEDULE SET FORTH IN THEIR [MSA] ABSENT AN APPLICATION OF THE FACTORS SET FORTH IN N.J.S.A. 9:2-4 TO DETERMINE WHETHER THE MODIFICATION WAS IN THE CHILDREN'S BEST INTERESTS.

POINT III

ALTERNATIVELY, THE [JUDGE] ERRED AS A MATTER OF LAW IN FAILING TO HOLD A PLENARY HEARING TO DETERMINE IF AWARDING PLAINTIFF AN ADDITIONAL 104 MIDWEEK PARENTING TIME OVERNIGHTS WAS

IN THE BEST INTERESTS OF THE CHILDREN PURSUANT TO N.J.S.A. 9:2-4.

POINT IV

ALTERNATIVELY, THE [JUDGE] ERRED AS A MATTER OF LAW IN FAILING TO AFFORD DEFENDANT DUE PROCESS BY SUA SPONTE AWARDING PLAINTIFF AN ADDITIONAL 104 MIDWEEK PARENTING TIME OVERNIGHTS THEREBY ESTABLISHING A PARENTING[-]TIME SCHEDULE THAT NEITHER PARTY REQUESTED OR TO WHICH DEFENDANT WAS AFFORDED THE OPPORTUNITY TO RESPOND.

POINT V

THE [JUDGE] ABUSED [HER] DISCRETION IN REQUIRING DEFENDANT TO CONTRIBUTE [TO] PLAINTIFF'S COUNSEL FEES.

Due to emergent-motion activity in November 2018, we reverse the January 26, 2018 order, remand for proceedings consistent with this opinion, and dismiss the appeal without prejudice. We also reverse the March 23, 2018 order awarding plaintiff $500 in counsel fees subject to reconsideration by the judge on remand.

The parties were married in 2004 and had two daughters. In 2015, the court entered a final judgment of divorce (FJOD), which incorporated the parties' MSA. The MSA established joint legal custody and designated defendant as the parent of primary residence. In December 2017, plaintiff filed

3

a motion to modify the parenting-time schedule. That motion led to the orders under review.

In November 2018, we granted defendant permission to file an emergent motion seeking to suspend plaintiff's parenting time, which plaintiff did not oppose. As part of her motion, defendant requested that we suspend the orders under review – which would have allowed plaintiff parenting time – until the Division of Child Protection and Permanency (the Division) investigated a referral as to plaintiff's alleged drug and alcohol problem and lack of housing. Plaintiff had responded to the emergent motion by stating that he had checked himself into "another medical facility for further treatment." On November 16, 2018, we granted defendant's motion and stayed plaintiff's parenting time until further order from this court.

In addition to staying the orders under review, we temporarily remanded the matter to allow defendant the opportunity to pursue other relief that she had requested as part of her emergent motion (such as, the completion of a Divison investigation, evaluations, review of plaintiff's medical records, etc.). We stated in our November 16, 2018 order that on remand, the judge should address parenting time and custody issues. We gave the parties permission to seek leave to supplement the record after the remand proceedings concluded. Defendant

 A-3583-17T3

complied with our emergent order and filed an application with the judge, who scheduled a remand hearing for March 8, 2019.

As to the merits of defendant's appeal from the January 26, 2018 order, we conclude that the judge should have conducted a plenary hearing, and that there otherwise was insufficient evidence to warrant modification of the parenting-time schedule contained in the MSA. Moreover, as part of the order modifying parenting time, the judge did not undertake a sufficient analysis under N.J.S.A. 9:2-4. Had there not been an emergent application, we would have reversed and remanded for a hearing. Nevertheless, due to the events leading to defendant's emergent motion, we stayed plaintiff's parenting time, which necessarily gave defendant full parenting time with the children until the judge considered anew the modified custody arrangements in light of defendant's unopposed allegations that plaintiff suffers from substance abuse problems, which led to an overdose, and related housing issues.

We therefore direct the judge to complete the remand proceedings, including a plenary hearing to resolve any remaining parenting time and custody issues, and to reconsider the award of counsel fees to plaintiff. The parties are free to take any appropriate appeal from orders entered on remand.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3583-17T3